**HENNICK v HENNICK et**

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3213.  Decided June 17, 1940.

Carrington T. Marshall, Columbus, and Bert Wolman, Columbus, for plaintiff-appellee.

Franklin Rubrecht, Columbus, for defendants-appellants.

**OPINION**

By BARNES, J.

The above-entitled cause is now being determined on appellee's motion to dismiss the appeal for the following reasons:

"1.  No sufficient appeal bond has been given in the Court of Common Pleas as the basis for an appeal.

2.  The attempted bond as filed in this cause, has not been signed by any sureties, as required by the Statute in such cases made and provided.

3.  One of the alleged appellants, Charles J. Hennick, as Administrator of Charles Hennick, deceased, has attempted to appeal on behalf of the estate of Charles Hennick, deceased, without being joined in such notice of appeal by his Co-Administrator, Lee W. Hennick."

Plaintiff's action, as disclosed in her petition, was for the purpose of setting aside a certain contract entered into by and between plaintiff and her children and stepchildren.  The contract was executed October 26, 1934. between the plaintiff and five children, two of which were her children and three

stepchildren. It was executed at the same time as the probate of the will of plaintiff's husband and had to do with the distribution of the decedent's estate in lieu of the provisions of the will or rights under the law.

In the trial court the contract was set aside. Notice of appeal was duly filed on behalf of the three stepchildren, one of which was listed individually and also as administrator. The notice of appeal was on questions of law and fact.

There can be no question that the action was one in chancery, and therefore properly appealed on law and fact. The appeal bond in the sum of $100.00, as fixed by the trial court, was signed by the same parties giving the notice of appeal, and none others.

It is provided under §12223-9 GC that:

"the bond be executed on the part of the appellant to the adverse party with sufficient surety in such sum, not less than the amount of the judgment and interest, etc."

Sec. 12223-6 GC, provides that no appeal shall be effective as an appeal upon questions of law and fact unless and until the order, judgment or decree appealed from is superseded by a bond in the amount and with the conditions as hereinafter provided, and unless the said bond is filed at the time the notice of appeal is required to be filed.

Sec. 12223-12 GC, provides an exception as to the requirement for appeal bond when "the executors, administrators, guardians, receivers, etc., acting in their respective trust capacities, who have given bond for surety according to law shall not be required to give the bond mentioned in §12223-9 GC."

The situation as disclosed presents two questions:

1. Will the fact that one of the appellants was administrator of the estate relieve from the obligation to give an appeal bond?

2. Does the purported appeal bond signed by the parties alone constitute a compliance with §12223-9 GC? .

Under the first proposition we also have the legal principle that in order for an administrator to be relieved from the obligation to give an appeal bond it must appear not only that he has given an administrator's bond, but also that he is appealing in the interest of his trust. The record does not disclose that the appellant, Charles J. Hennick, administrator, gave bond in the Probate Court, but we will assume that this proof will be forthcoming, if required.

On the next question we are confronted with a more difficult situation.

From an examination of the pleadings and the written opinion of the trial court upon which was predicated the final judgment entry, we are constrained to the view that Charles J. Hennick is personally interested in the litigation and aside from the personal interest of the three stepchildren, the estate cannot be interested or affected through the appeal.

Sec. 12223-12 GC, specifically provides that the fiduciaries therein named must be acting in their respective trust capacities in order to relieve them from giving the requisite appeal bond. Without citing the cases, we refer to the great number listed in the annotations under the above section.

This brings us to the second question as to whether or not the purported appeal bond will qualify as such.

Sec. 12223-9 GC, provides that bonds shall be given with sufficient surety, in such amount, etc. May it be said that a bond signed by the parties giving notice of appeal, and no one else, is a compliance with the section? As heretofore shown, the section provides for sureties. Certainly appellants cannot qualify as sureties. The question is not a new one in Ohio, although the adjudications were under former §12226 GC. This earlier section does not differ in substance from the present. The syllabus in the case of **Rich v Rupert, et, 12 Oh Ap (1919), 159,** reads as follows:

338

"A party desiring to appeal is required to give an undertaking with sufficient surety, as provided in §12226 GC, and where an appeal is attempted to be taken by one of several defendants, and the undertaking is signed by another defendant, such undertaking is a nullity, and is not such a compliance with §12226 as will give the court of appeals jurisdiction under §12232 to order the change or renewal of the undertaking or that a new one be given."

In this reported case the case of **Church v Nelson, 35 Oh St 38,** was distinguished. In the Supreme Court case the successful parties signed the bond as sureties for the defeated parties, and the Supreme Court held that such a bond would not be a nullity.

We also have before us the question as to whether or not the infirmities of the appeal bond may be corrected.

**Sec. 12223-16 GC,** is the only controlling legislative enactment on the question of correction. This section specifically provides that when the surety has removed from the state or the bond is not sufficient ▆▆▆▆▆▆▆▆▆ or is objectionable in form or amount, the Appellate Court may permit or order a correction. The parties in the instant case do not come under the express language of the section.

We are referred to the case of **Shires v Fessler, 21 C. C. N. S. 529 (1914).** The decision was by the Court of Appeals of Meigs County and as reported makes the pronouncement that the court may permit corrections where the appeal bond is signed by a party and not by a surety. However, in the case of Rich v Rupert, supra, Judge Patterson, delivering the opinion on page 162 refers to this Shires v Fessler case, and says that the Court of Appeals in the month following its decision reversed its order on the authority of the decision of the Supreme Court in the case of **Steele v Garn,** unreported. Judge Patterson in this same Rich v Rupert case, on pages 162 and 163, refers to the case of **Steele v Garn, et, 91 Oh St 381.** An examination of the volume presents nothing more than the journal entry, which, standing alone, would not suf-

ficiently inform us as to just what was under consideration. Judge Patterson states that he has before him the record in this Steele v Garn case and quotes therefrom. It is stated that the appeal bond was signed by the appellant and other defendants. The Supreme Court reversed the Court of Appeals and dismissed the appeal on the ground that parties could not sign the bond as required under the Code.

From our analysis of the purported appeal bond we are constrained to the view that the provisions of the Code have not been complied with, nor can correction be permitted. ▆▆▆▆▆▆▆ ▆ That by reason of this situation the cause cannot be heard in our court de novo.

At this point we invoke the provisions of §12223-22 GC, and decline to dismiss the appeal and order that the appeal will stand for hearing on questions of law.

Furthermore, under the authority of §11564 GC, we fix thirty days for the preparation and settlement of a bill of exceptions.

In the past few years we have had before us this identical question and have universally held to the above procedure. (The thirty days within which the bill of exceptions may be settled, will date from the judgment entry and not from this written opinion). We are prompted to throw in this parenthetical clause for the reason that in another case, where a similar order was made, counsel for appellant construed the date of opinion and not that of the journal entry as the time for settlement of the bill of exceptions.

At the time this case was submitted we were requested to determine not only the motion, but also the merits.

We cannot at this time go into the merits for the reason that no bill of exceptions has been filed. From an examination of the transcript of docket and journal entries it does not appear that a motion for new trial has been filed.

So far as we are able to see no error is claimed except such as is made manifest by an examination of the entire record.

If and when a bill of exceptions is duly filed, we will take up and determine the cause on the merits.

Entry may be drawn on the motion in accordance with the directions in this opinion.

HORNBECK, PJ. & GEIGER, J., concur.