## SHADWICK v FICKLE

Ohio Appeals, 2nd Dist, Franklin Co

No 3200. Decided Dec 3, 1940

R. C. Addison, Columbus, and D. E. Evans, for plaintiff-appellee.

L. P. Henderson, Columbus, for defendant-appellant.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from a judgment entered upon a directed verdict for defendant-appellee at the conclusion of the plaintiff's case.

The cause came on to be heard in Common Pleas Court from an appeal of defendant from a judgment in favor of plaintiff in the Court of a Justice of the Peace. The cause was tried to a jury in the Common Pleas Court and at the conclusion of the plaintiff's case upon motion of the defendant, the court directed a verdict in his behalf. Thereupon the plaintiff moved to dismiss the appeal for want of jurisdiction of the Common Pleas Court to hear the cause. Defendant-appellee then moved the court for leave to amend the bond which was sustained and thereupon a good and sufficient bond in due form was tendered and accepted.

The appellant assigns in this court two errors.

FIRST. The court erred in permitting the bond in the Justice of the Peace Court to be amended.

SECOND. The court erred in assuming jurisdiction.

We consider the first ground of error. Sec. 10383 GC is the section controlling the giving of the appeal bond in the Justice of the Peace Court and provides that:

"The party appealing must give a bond to the adverse party, although he need not sign it, with at least one suffi-cient surety to be approved by such Justice in a sum * * * not less than fifty dollars nor less than double the amount of the judgment and costs; conditioned, that appellant will prosecute his appeal to effect without unnecessary delay, and that, if on the appeal judgment be rendered against him, he will satisfy it and the costs."

At the time of the giving of the notice of appeal in the Justice of the Peace Court defendant deposited seventy-five dollars ($75.00) in currency with the Justice of the Peace and signed an appeal bond which bore no other or further signature. The Justice accepted the bond in this form. Sec. 10395 GC provides:

"In proceedings on appeal when the surety in the bond is insufficient or such bond is insufficient in form or amount, the Court, on motion, may order a change or renewal of the bond and direct that it be certified to the Justice from whose judgment the appeal was taken or recorded in such court."

The trial judge held that he was authorized to permit the bond to be amended.

We are committed by our judgment in **Hennick v Hennick**, 3213, Franklin County, June 17, 1940, (**32 Abs 336; 32 Abs 339**) to the proposition that an appeal bond signed by the principal only is invalid and is not the subject of amendment under **Section 10395 GC.** We frankly say that the law upon the subject is not clearly defined, but Judge Barnes in the opinion in Hennick v Hennick states our reasons for the determination there made. We have given further consideration to **Steele v Garn, et al 91 Oh St 381**, reported without opinion and find that the Court considered not only the sufficiency of the appeal bond as given in the lower court, but also the right of the upper court to permit an amendment to be made to the bond.

There is analogy to be found between the opinion of our Supreme Court in

Johnson v Johnson, 31 Oh St 131, and the instant case. In the Johnson case the principal had not signed the bond, although there were sufficient sureties thereon. At the time that the bond was given the statute provided "that the person desiring to appeal should give a written undertaking, **executed on the part of the person appealing,** * * *." Notwithstanding this language, the court held that the appellant should be permitted to amend the bond. At this time the controlling statute does not require the person appealing to sign the bond, but it does provide that it shall be signed by one or more sureties.

Apparently the Supreme Court gave no consideration to the Johnson case in deciding Steele v Garn, supra.

The second error assigned is that the trial court erred in assuming jurisdiction on appeal.

It appears from the record that the plaintiff interposed no objection to the sufficiency of the bond until after he had submitted his case to the jury. We also learn from the opinion of the trial judge, which fact cannot properly be considered upon this appeal, that counsel were interrogated at the beginning of the trial if a proper bond had been given, to which both parties answered in the affirmative. However, it does appear from the transcript that the parties had impaneled the jury, the plaintiff had offered all of his evidence in chief and the court had instructed a verdict against him before he moved to dismiss the appeal because of the invalidity of the bond. In the situation thus appearing, though the bond was not sufficient in law, the plaintiff could not be heard to interpose objection to it at the time when the motion to dismiss was filed.

The bond is given for the benefit of the losing party in the Justice of the Peace Court. This party, the plaintiff in this case, was under obligation in the Common Pleas Court to protect his rights in a timely manner, having failed to do so and having elected to present his case to the jury and to invoke the action of the court on his evidence adduced, we are of opinion that he was estopped to urge the question at the time the motion was presented and that his conduct constituted a waiver of the invalidity of the bond. This principle of law is well recognized in the authorities.

Fostoria v Fox, 60 Oh St 340; Kennedy v Latchaw, 100 Oh St 431; State, ex rel Brickell v Roach, 122 Oh St 117; Emery v Toledo, 131 Oh St 257.

We are not unmindful of the well established rule that parties cannot, by consent, confer upon a court jurisdiction over the subject matter and the many cases in support thereof. 11 O. Jur. 702, 703. But an examination of these cases will disclose that in almost every instance the courts in which they arose had not the power to receive the jurisdiction of the subject matter.

It is said that the giving of a proper appeal bond is jurisdictional and without it the court could not take jurisdiction of the case involving as it did a claim for less than $100.00. This contention overlooks the fact, if plaintiff had waived the invalidity of the appeal bond, as given, it being in form a bond, that the case stood in Common Pleas Court as though a good and sufficient bond had been given, in which situation the court would and did have jurisdiction. This, in our judgment, was the status of the appeal when the trial court passed on the motion to dismiss.

There is one other and further matter that is brought to our attention upon an examination of the transcript of the pleadings and journal entries. The amended notice of appeal is directed to the "order and entry complained of being the one filed January 6, 1940, which entry was filed in pursuance of the written decision of the court rendered on December 30, 1939." The judgment entry in this case, and the only final order from which an appeal could be prosecuted, is dated January 8, 1940, and not January 6, 1940.

Judgment affirmed.

GEIGER & BARNES, JJ., concur.